UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

|  |  |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, ) ) ) ) Plaintiff, ) ) v. ) ) NEW STREAM CAPITAL, LLC, ) et al., ) ) Defendants. ) ) | Case No. 3:13cv0264 (JCH) |

### FINAL CONSENT JUDGMENT AS TO DEFENDANT DAVID A. BRYSON

The Securities and Exchange Commission having filed a Complaint (the "Complaint") and defendant David A. Bryson ("Defendant") having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Consent Judgment; waived findings of fact and conclusions of law; and waived any right to appeal from this Final Consent Judgment:

**I.**

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant is permanently restrained and enjoined from violating, directly or indirectly, singly or in concert, Section 17(a) of the Securities Act of 1933 [15 U.S.C. § 77q(a)] by using any means or instruments of transportation or communication in interstate commerce or the mails, in the offer or sale of any security:

(a)   to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

## II.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Defendant is permanently restrained and enjoined from violating, directly or indirectly, singly or in concert, Section 10(b) of the Securities Exchange Act of 1934 [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

## III.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant is permanently restrained and enjoined from violating, directly or indirectly, singly or in concert, Sections 206(1), 206(2) and 206(4) of the Investment Advisers Act of 1940 [15

U.S.C. § 80b-6(1-2, 4)] and Rule 206(4)-8 promulgated thereunder [17 C.F.R. § 206(4)-8] by using any means or instrumentality of interstate commerce, or the mails to: (a) employ any device, scheme, or artifice to defraud any client or prospective client; (b) engage in any transaction, practice, or course of business which operates as a fraud or deceit upon any client or prospective client; or (c) engage in any act, practice, or course of business which is fraudulent, deceptive or manipulative, including, while acting as an investment adviser to a pooled investment vehicle, to (i) make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading to any investor or prospective investor in the pooled investment vehicle; or (ii) otherwise engage in any act, practice, or course of business that is fraudulent, deceptive, or manipulative with respect to any investor or prospective investor in the pooled investment vehicle.

## IV.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), paragraphs I, II and III above also bind the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## V.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant is liable for disgorgement in the amount of $5,150,605.26, representing ill-gotten gains received as a result of the conduct alleged in the Complaint and prejudgment interest thereon in the amount of $1,196,647.29, for a total of $6,347,252.55, provided, however, that Defendant's obligation to

pay disgorgement and prejudgment interest is deemed satisfied by the order of restitution of $57,068,404.56 entered against Defendant in the parallel criminal case pending in the United States District Court for the District of Connecticut, titled <u>United States v. Bryson</u>, 3:13cr41 (D. Ct.) (JCH) (the "Parallel Criminal Action").

## VI.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that based on the prison sentence that Defendant received pursuant to his guilty plea in the Parallel Criminal Action, the Court is not imposing a civil monetary penalty against Defendant.

## VII.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

## VIII.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the allegations in the Complaint are true and admitted by Defendant, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under this Final Consent Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

IX.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Consent Judgment.

X.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Consent Judgment forthwith and without further notice.

## CONSENT OF DEFENDANT DAVID A. BRYSON

1. Defendant David A. Bryson ("Defendant") acknowledges having been served with the summons and the complaint in this action (the "Complaint"), enters a general appearance, and admits the Court's jurisdiction over Defendant and over the subject matter of this action.

2. Defendant has pleaded guilty to criminal conduct relating to certain matters alleged in the Complaint. Specifically, in United States v. Bryson, 3:13cr41 (D. Ct.) (JCH) (the "Parallel Criminal Action"), Defendant pleaded guilty to conspiracy to commit wire fraud, in violation of 18 U.S.C. § 371, before the United States District Court for the District of Connecticut.

3. Defendant hereby consents to the entry of the Final Consent Judgment in the form attached hereto (the "Final Consent Judgment") and incorporated by reference herein.

4. Defendant agrees that he shall not seek or accept, directly or indirectly, reimbursement or indemnification from any source, including but not limited to payment made pursuant to any insurance policy, with regard to any civil penalty amounts that Defendant pays pursuant to the Final Consent Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors. Defendant further agrees that he shall not claim, assert, or apply for a tax deduction or tax credit with regard to any federal, state, or local tax for any penalty amounts that Defendant pays pursuant to the Final Consent Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors.

5. Defendant waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

6. Defendant waives the right, if any, to a jury trial and to appeal from the entry of the Final Consent Judgment.

7. Defendant enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Defendant to enter into this Consent.

8. Defendant agrees that this Consent shall be incorporated into the Final Consent Judgment with the same force and effect as if fully set forth therein.

9. Defendant will not oppose the enforcement of the Final Consent Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

10. Defendant waives service of the Final Consent Judgment and agrees that entry of the Final Consent Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant of its terms and conditions. Defendant further agrees to provide counsel for the Commission, within thirty days after the Final Consent Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendant has received and read a copy of the Final Consent Judgment.

11. Consistent with 17 C.F.R. 202.5(f), this Consent resolves only the claims asserted against Defendant in this civil proceeding. Defendant acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding,

including the imposition of any remedy or civil penalty herein. Defendant further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Defendant understands that he shall not be permitted to contest the factual allegations of the Complaint.

12.     Defendant understands and agrees to comply with the terms of 17 C.F.R. § 202.5(e), which provides in part that it is the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegations in the complaint or order for proceedings." As part of Defendant's agreement to comply with the terms of Section 202.5(e), Defendant acknowledges the guilty plea for related conduct described in paragraph 2 above, and (i) will not take any action or make or permit to be made any public statement denying, directly or indirectly, any allegation in the Complaint or creating the impression that the Complaint is without factual basis; (ii) will not make or permit to be made any public statement to the effect that Defendant does not admit the allegations of the Complaint, or that this Consent contains no admission of the allegations; (iii) upon the filing of this Consent, Defendant hereby withdraws any papers filed in this action to the extent that they deny any allegation in the Complaint; and (iv) stipulates for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, that the allegations in the

Complaint are true, and further, that any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under the Final Consent Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19). If Defendant breaches this agreement, the Commission may petition the Court to vacate the Final Consent Judgment and restore this action to its active docket. Nothing in this paragraph affects Defendant's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

13. Defendant hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendant to defend against this action. For these purposes, Defendant agrees that Defendant is not the prevailing party in this action since the parties have reached a good faith settlement.

14. Defendant agrees that the Commission may present the Final Consent Judgment to the Court for signature and entry without further notice.

15. Defendant agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Consent Judgment.

Dated: SEPT 1, 2015

_____
David A. Bryson

On September 1st, 2015, DAVID A Bryson, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent.

_____
Notary Public
Commission expires:

Commonwealth of Pennsylvania
County of UNION

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
Bradford A. Vegh, Notary Public
Kelly Twp., Union County
My Commission Expires April 2, 2018
MEMBER, PENNSYLVANIA ASSOCIATION OF NOTARIES

Approved as to form:

_____
James I. Glasser, Esq.
Wiggin and Dana LLP
One Century Tower
265 Church Street
P.O. Box 1832
New Haven, Connecticut 06508-1832

Dated: SEPTEMBER 24, 2015

/s/Janet C. Hall, 12/17/2015
UNITED STATES DISTRICT JUDGE

10